IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHINE TV LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-963-B-BN |
| | § | |
| MASTERCHEF LLC and HUSEIN | § | |
| VARVANI, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this lawsuit filed against a limited liability company (or an LLC) and an individual – a nonlawyer proceeding *pro se* – in which the Court has denied the individual defendant's multiple requests the represent the LLC *pro se*, as established law requires, United States District Judge Jane J. Boyle has entered a Standing Order of Reference under 28 U.S.C. § 636(b) referring  this lawsuit to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 20.

On July 9, 2024, the Court most recently ordered Defendant MasterChef LLC to hire a licensed attorney, who must enter an appearance on behalf of the LLC and file a response to Plaintiff Shine TV Limited's complaint by August 5, 2024. *See* Dkt. No. 23. On August 4, 2024, Defendant Husein Varvani responded to the July 9 order, to again request that the Court appoint counsel for the LLC. *See* Dkt. No. 24.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the latest request to appoint counsel and order that MasterChef is now in default.

## Applicable Background

The July 9 order sets out the applicable background in detail:

Background

As the presiding judge, United States District Judge Jane J. Boyle, explained in the Court's first Order to Show Cause entered on May 22, 2024, Plaintiff Shine TV Limited

filed its Complaint on April 19, 2024 (Doc. 1). Defendant MasterChef LLC was served with a copy of the Complaint and summons through its registered agent, PhysicalAddress.com, on April 26, 2024. *See* Doc. 9, Aff. Service. The Court has reviewed the papers and pleadings on file and notes that MasterChef LLC has not filed an answer to the Complaint.

Dkt. No. 10 at 1. The Court "ORDER[ED] the following: By Tuesday, May 28, 2024, MasterChef LLC must SHOW CAUSE, in writing, why it has failed to file an answer or otherwise file its response to the Complaint." *Id.* And the Court warned that "[f]ailure to comply with this Order may result in default judgment against Defendant without further notice." *Id.*

The Court then entered a Second Order to Show Cause on June 10, 2024, explaining that

[t]he Court ordered MasterChef LLC to show cause by May 28, 2024 for its failure to answer or otherwise respond to the Complaint. MasterChef LLC has failed to comply. *See* Doc. 10, Order. The Court ORDERS one final time that by Monday June 24, 2024, MasterChef LLC must SHOW CAUSE, in writing, why it has failed to file an answer or otherwise respond to the Complaint. Failure to comply with this Order may result in default judgment against Defendant without further notice.

Dkt. No. 11 at 1.

Defendant Husein Varvani, responding on behalf of himself and MasterChef LLC, filed a response on June 20, 2024. *See* Dkt. No. 12.

The Court then entered an Order on June 25 2024, explaining that

[t]he Court ordered for a second time that Defendant MasterChef LLC show cause by June 24, 2024 for its failure to answer or otherwise respond to the Complaint. See Doc. 11, Order. Defendant Husein Varvani, responding on behalf of himself and MasterChef LLC, filed a response on June 20, 2024. *See* Doc. 12. This response does not adequately satisfy the Court's order.

First, Mr. Varvani responds to the order on behalf of himself and MasterChef LLC. However, the order to show cause is directed at MasterChef LLC, not Mr. Varvani. As there is no proof of service to Mr. Varvani, he is not yet expected to respond to the Complaint.

Second, it appears Mr. Varvani wishes to proceed pro se in this lawsuit on behalf of himself and MasterChef LLC. While an individual can represent himself, 28 U.S.C. § 1654, it is well established that corporations and LLCs are fictional legal persons who can only be represented by licensed counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. 16-00196, 2016 WL 5416836 (W.D. La. Aug. 22, 2016) ("Under settled interpretations applicable to 28 U.S.C. § 1654, an LLC may not appear pro se or through a non-attorney in federal court."). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). Thus, Mr. Varvani may not respond on behalf of MasterChef LLC. MasterChef LLC must also obtain local counsel unless exempted. *See* N.D. Tex. Local Rule 83.10. With licensed counsel, and in compliance with the local rules, MasterChef LLC must file its own response or risk being in default.

Third, Mr. Varvani states, without any explanation, that the Defendants' registered agent has not been served any case documents to date. Doc. 12, Resp., 1. The Court observes that on May 7, 2024, Plaintiff filed proof of service to MasterChef LLC's registered agent, PhysicalAddress.com, LLC. Doc. 9, Aff. Service. In a signed affidavit, Plaintiff's service processor attested that service was executed on April 26, 2024, by hand delivering the Summons and Complaint to PhysicalAddress.com, LLC. *Id.* There is no explanation for why the service of process is insufficient, or false.

In light of the foregoing, the Court finds MasterChef LLC has not responded to its two orders to show cause. Notwithstanding Mr. Varvani's improper attempt to respond for MasterChef LLC, its non-responsiveness remains without good cause. The Court ORDERS that by Friday, July 12, 2024, MasterChef LLC must SHOW CAUSE, in writing, why it has failed to file an answer or

otherwise respond to the Complaint. Failure to comply with this Order may result in default judgment against Defendant without further notice.

Dkt. No. 13 at 1-2.

Defendant Husein Varvani, on behalf of himself and MasterChef LLC, filed a Written Response to the Original Complaint of the Plaintiff. *See* Dkt. No. 14. The document was not signed, and the Court ordered that it be unfiled. *See* Dkt. No. 15.

Defendant Husein Varvani, on behalf of himself and MasterChef LLC, then filed another unsigned Written Response to the Original Complaint of the Plaintiff. *See* Dkt. No. 16. And then Defendant Husein Varvani, on behalf of himself and MasterChef LLC, filed a signed Written Response to the Original Complaint of the Plaintiff. *See* Dkt. No. 17.

Defendant Husein Varvani, on behalf of himself and MasterChef LLC, also filed an signed response to the Court's show cause orders and requested that the Court accept the filing because Mr. Varvani has "been mentioned as a defendant and MasterChef LLC is a single-member LLC of which [he is] the single-member, and so [Defendant Husein Varvani and MasterChef LLC] pray the court can exempt attorney filing and let [Mr. Varvani] continue filing pro-se." Dkt. No. 18 at 2.

And Defendant Husein Varvani, on behalf of himself and MasterChef LLC, filed another document in which Mr. Varvani "pray[s] and beg[s] to the Honorable Courts to let me represent myself and my single-member LLC but in the case that my filing is not admissible I pray and request the Honorable Courts and the Honorable judge to alternatively appoint a Pro Bono Attorney to represent me in the case." Dkt. No. 19 at 1.

Judge Boyle then entered a Standing Order of Reference, providing that, pursuant to 28 U.S.C. § 636(b), this case is referred to United States Magistrate Judge David L. Horan for pretrial management. Dkt. No. 20 at 1.

Analysis

As Judge Boyle has explained, Defendant Husein Varvani, as an individual, is permitted to proceed pro se – that is, to represent himself – in this action if he chooses to do so, and the Court will treat him as doing so going forward unless and until counsel of record makes an appearance on his behalf. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

But, for the reasons that Judge Boyle explained, "Mr. Varvani may not respond on behalf of MasterChef LLC." Dkt. No. 13 at 2. And

MasterChef LLC must also obtain local counsel unless exempted. *See* N.D. Tex. Local Rule 83.10.

That Mr. Varvani is the only member of this LLC makes no difference under the governing law. *See* No. 13 at 2.

And, even if MasterChef LLC may have a defense based on improper service of process or improper venue, it still must present any defenses in federal court through a licensed attorney. *See Rowland*, 506 U.S. at 201-02 ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel").

A defendant LLC's failing to hire counsel to represent it may result in appropriate measures, including possibly entering a default judgment against it. *See Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-cv-2950-N, 2014 WL 6901201 (N.D. Tex. Dec. 8, 2014); *Adonai Communications, Ltd. v. Awstin Invs., L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997). Ultimately, "the appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (footnote omitted).

Likewise, Federal Rule of Civil Procedure 55 provides for entry of default judgments in federal court. According to Rule 55, after a defendant has been properly served with a summons and the operative complaint, if that defendant "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, ... the clerk must enter the party's default." FED. R. CIV. P. 55(a). That is, "[a] default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure." *Harmon v. Nguyen*, No. 3:14-cv-2038-D, 2015 WL 5165166, at *2 (N.D. Tex. Sept. 1, 2015). In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or complaint." FED. R. CIV. P. 12(a)(1)(A)(i). Once default has been entered, the Court may enter a default judgment against the defaulting defendant on the motion of the plaintiff. *See* FED. R. CIV. P. 55(b)(2).

Mr. Varvani alternatively asks the Court to appoint counsel for him and Defendant MasterChef LLC. *See* Dkt. No. 19. The Court denies that request.

"There is no absolute right to an attorney in [a civil] cases." *Nickols v. Morris*, 705 F. Supp. 2d 579, 584 (N.D. Tex. 2010). A defendant in a civil case "has no right to the automatic appointment of counsel." *Morgan v. Richards*, No. 21-10931, 2023 WL 6121775, at *2 (5th Cir. Sept. 19, 2023) (per curiam) (citing *Cupit v. Jones*, 835 F.2d 82,

86 (5th Cir. 1987)); *see also Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) ("[A] *pro se* litigant, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982))).

A court is only "required to appoint counsel for an indigent [litigant] in a civil lawsuit [if] there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam) (citing *Naranjo*, 809 F.3d at 799).

"[F]actors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel" include "1. the type and complexity of the case; 2. the [litigant's] ability adequately to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the [parties and] the court … by 'shortening the trial and assisting in just determination.'" *Id.* (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)).

Applying these factors to this proceeding at this preliminary stage, Defendants Husein Varvani and MasterChef LLC have made no showing that exceptional circumstances require the appointment of counsel in this case.

From the record before the Court, it appears that Mr. Varvani believes this case is meritless and does not want to spend the money to hire an attorney to defend against it. *See* Dkt. Nos. 11, 14, 16, 17, & 18. And that is not a basis for the Court to appoint counsel for these defendants.

Dkt. No. 23 (emphasis omitted).

## Discussion

For the reasons set above, exceptional circumstances still do not warrant court-appointed counsel for either Mr. Vanvani or MasterChef under 28 U.S.C. § 1915(e)(1).

And the Court may not appoint counsel for MasterChef for the additional reasons that, first, the statute that allows for the appointment of counsel for indigent litigants, "which provides that '[t]he court may request an attorney to represent any person unable to afford counsel,'" *Mota v. Beacon Bay Asset Mgmt., LLC*, No. 3:17-cv-1862-N-BN, 2018 WL 2427148, at *2 (N.D. Tex. May 30, 2018) (quoting Section

1915(e)(1)), does not apply to an LLC: "[T]he term 'person,' as used in this provision, refers only to natural persons and thus does not cover artificial entities." *Id.* (quoting *Alli v. United States*, 93 Fed. Cl. 172, 183 (2010); citing *R.M. Dev. & Constr., LLC v. Principal IX Assocs., LLP*, No. 09-CV-1666 (JG), 2010 WL 3420700, at *2 (E.D.N.Y. Aug. 27, 2010) (relying on *Rowland* to deny a request by a limited liability company's "owner and principal" – who anticipated that the court would grant counsel's motion to withdraw – "that the court seek pro bono counsel on [the LLC's] behalf")).

Second, it has not been shown – for the same reasons why exceptional circumstances are lacking – that the Court should exercise its inherent power to appoint counsel for an LLC. *See id.* (discussing *Naranjo*, 809 F.3d at 804, in which the United States Court of Appeals for the Fifth Circuit held "that, where a district court has determined that exceptional circumstances warrant appointment of counsel and has unsuccessfully attempted to secure a non-compulsory appointment, the court may invoke its inherent power to order an attorney to represent an indigent civil rights litigant pro bono,"); *see also Naranjo*, 809 F.3d at 803 ("The possibility of such an appointment arises only when an indigent plaintiff has colorable claims that will not receive a meaningful hearing without counsel (i.e. exceptional circumstances exist) and when all other options for making an appointment have failed. Under such conditions, a court cannot carry out its duties without ordering an attorney to take the case."); *id.* at 804 ("emphasiz[ing] that [the inherent power] is a power of last resort" and that "[i]nherent powers 'must be used with great restraint and caution'" (quoting *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467

(5th Cir. 1996))).

The Court should also enter default as to Defendant MasterChef, LLC.

It is now past the latest court-ordered deadline for MasterChef to retain counsel and direct counsel to enter an appearance on the record.

And MasterChef did not follow the Court's directive in the time allowed, has therefore prevented the prosecution of this case by being unrepresented by counsel, and may not continue to proceed unrepresented by counsel in this case. *Cf. JMC Constr. LP v. Modular Space Corp.*, No. 3:07-cv-1925-B, 2008 WL 4531819 (N.D. Tex. Oct. 8, 2008) (collecting authority for the proposition "that '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations'"; observing that, "[w]hile it is true that Defendants did not file an answer in response to the amended complaint, the history of the case shows Defendant has made an appearance in the case and has shown its intent to defend against all of Plaintiff's claims"; and denying motion for entry of default judgment (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); citations omitted)).

The undersigned has considered the imposition of alternate sanctions short of entering default. And, considering all the circumstances, the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

## Recommendation

The Court should (1) deny the latest request to appoint counsel for Defendant

MasterChef LLC (and, if applicable, Defendant Husein Varvani); (2) order that MasterChef is in default; (3) direct the Clerk of Court to enter default against MasterChef under Federal Rule of Civil Procedure 55(a); and (4) order that Plaintiff Shine TV Limited move for default judgment against MasterChef for failure to appear by and through counsel by no later than a date 30 days from the date of entry of any order accepting or adopting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE