IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHINE TV LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-963-B-BN |
| | § | |
| MASTERCHEF LLC and HUSEIN | § | |
| VARVANI, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Senior United States District Judge Jane J. Boyle accepted the May 27, 2025 findings and conclusions recommending that the Court grant Plaintiff Shine TV Limited's ("Shine") motion for default judgment and then refer the issues of damages and injunctive relief to the undersigned for further recommendation (the "FCR"). *See* Dkt. Nos. 29, 37, & 39.

The FCR set out the applicable background and detailed findings of the Court to support granting the motion for default judgment, which need not be set out again here.

As also explained in the FCR, although Shine may be entitled to the relief that it seeks based on Defendant MasterChef LLC's ("MasterChef") default (and admitted violations of federal law), the record before the Court at the time that the undersigned first considered the motion for default judgment did not support Shine's requested damages.

For example, because Shine failed to support its request for statutory damages

with sworn testimony, the Court could not award damages.

And, while Shine may be entitled to a permanent injunction, the undersigned pointed out reasons why the Court may need to refine the scope of the permanent injunction that Shine proposes, to facilitate transfer of the infringing domain name while avoiding entering an overly broad order.

And, so, the Court ordered Shine to file a brief supported by admissible evidence and indicate whether, in its view, an evidentiary hearing will be necessary. *See* Dkt. No. 40.

Shine filed its brief, *see generally* Dkt. No. 43, and has indicated that it no longer seeks damages, leaving the Court to decide just the scope of injunctive relief, so Shine suggests – and the undersigned agrees – that "the Court can rule on the propriety of [Shine's] proposed language on the papers alone," and, so, "no evidentiary hearing is necessary or advisable," *id.* at 7.

To recap the remaining issues, then, the Court has found that a permanent injunction should be entered against MasterChef to keep it from using certain marks that belong to Shine and that Shine is likely entitled to a court order transferring to it an infringing domain name.

As to the second finding, the Court previously explained,

> Shine requests that the Court enter an order transferring to it www.masterchef.us, *see, e.g.*, Dkt. No. 29 at 24-25, a domain name that, when this lawsuit was filed, "was registered in [Defendant Husein] Varvani's name, but listed [MasterChef's] corporate address," *id.* at 25 n.12.
>
> And Shine further explains that, "[n]ow, in what appears to be an attempt to evade detection, [that domain name] was transferred to Ikbal Omar. Based on Defendants' submissions to the Court, coupled with

correspondence with [Shine's] counsel, among other things, it is clear that Varvani and Ikbal Omar are, at the very least, acting on behalf of, or in concert with, [MasterChef]. Therefore, the fact that the Infringing Domain Name is not registered in the corporate name of Defaulting Defendant does not preclude the Court from ordering the transfer that Plaintiff seeks." *Id.* (citations omitted).

"Under [the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d)], '[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark.'" *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-cv-1541-M-BH, 2016 WL 3752964, at *6 (N.D. Tex. June 17, 2016) (quoting 15 U.S.C. § 1125(d)(1)(C); citing *E. & J. Gallo Winery v. Spider Webs Ltd.*, 129 F. Supp. 2d 1033, 1047 (S.D. Tex. 2001), *aff'd*, 286 F.3d 270, 278 (5th Cir. 2002)).

"[D]omain names that are substantially the same as a trademark are confusingly similar and create a presumption of confusion." *Id.* (citation omitted).

Under this standard, Shine is likely entitled to an order under Section 1125(d)(1)(C) transferring the domain name.

And that the domain name may not now be registered to MasterChef, the defendant in default, does not prevent such an order. *See Gucci Am., Inc. v. Wang Huoqing*, No. 09-5969, 2011 WL 31191, at *15 (N.D. Cal. Jan. 3, 2011) ("As to the second form of relief requested, the transfer of the domain names to the Plaintiffs, the Court also finds Plaintiffs' request to be reasonable and necessary even though it will be directed in part, to entities that are not parties to this action. This Court has specifically addressed the issue of enforcing its order on a third party in the context of a similar trademark infringement action and has concluded that under 15 U.S.C. § 1116, the Court is authorized to issue such an order against a third party because it is necessary to effectuate the purposes of the injunction." (citations omitted)); *accord Deckers Outdoor Corp. v. Owner of ahnu.com*, Civ. A. No. 24-1698, 2024 WL 5159302, at *6 (E.D. La. Dec. 18, 2024) (citing *Gucci Am.*, 2011 WL 31191, at *15).

Shine proposes the following language for the Court to consider in its order transferring the domain name:

> In order to give practical effect to the permanent injunction granted herein, Defaulting Defendant's Infringing Domain Name is hereby ordered to be immediately transferred by Defaulting Defendant, Husein Varvani and/or Ikbal Omar, to Plaintiff. To the extent Defaulting Defendant, Husein Varvani and/or Ikbal Omar does not facilitate the transfer of the Infringing Domain

> Name to Plaintiff's control within five (5) days of receipt of this Order, any third party providing services in connection with Defaulting Defendant's Website and the Infringing Domain Name, including, without limitation, any domain name registrars and domain name registries, such as Hosting Concepts B.V. d/b/a Registrar.eu and NameCheap, Inc., shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Name to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Name to Plaintiff.

Dkt. No. 29-6, ¶ 4.

And another district court in this circuit has found that, where "it seems unlikely that [an absent defendant] will take affirmative steps to transfer the domain name as ordered," "an order directing the third-party registrars and registries to effectuate the transfer is appropriate." *Deckers Outdoor*, 2024 WL 5159302, at *6.

But, to the extent that Shine proposes that the Court also direct the order to "any third party providing services in connection with Defaulting Defendant's Website and the Infringing Domain Name" not further identified as a third-party registrar or registry, the proposed language may be too broad. *Cf. Deckers Outdoor*, 2024 WL 5159302, at *6 ("[T]he Court will not grant Plaintiff's request to enter an order directing internet search engines, web hosts, online marketplaces, and registrars to 'cease facilitating access to any and all websites and accounts through which Defendant engages in infringement of the AHNU Trademark.' Federal Rule of Civil Procedure 65(d) requires that orders granting injunctions 'describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required.' '[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders.' *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). Accordingly, '[i]njunctions must be narrowly tailored within the context of the substantive law at issue to address the specific relief sought.' *E.T. v. Paxton*, 19 F.4th 760, 769 (5th Cir. 2021).").

And, so, if the Court adopts or accepts the undersigned's recommendation that the motion for default judgment be granted, the Court should also refer the issue of the exact scope of the permanent injunction that the Court should enter to the undersigned for further recommendation.

*Shine TV Ltd. v. MasterChef LLC*, No. 3:24-cv-963-B-BN, 2025 WL 2165394, at *12-

*13 (N.D. Tex. May 27, 2025) (citation modified), *rec. accepted*, 2025 WL 2163768

(N.D. Tex. July 29, 2025).

To address the Court's concern, Shine proposes the amended language below (eliminating the stricken-through language and adding the underlined language):

> In order to give practical effect to the permanent injunction granted herein, Defaulting Defendant's Infringing Domain Name is hereby ordered to be immediately transferred by Defaulting Defendant, Husein Varvani and/or Ikbal Omar, to Plaintiff. To the extent Defaulting Defendant, Husein Varvani and/or Ikbal Omar does not facilitate the transfer of the Infringing Domain Name to Plaintiff's control within five (5) days of receipt of this Order, ~~any third party providing services in connection with Defaulting Defendant's Website with~~ <u>the current domain name registrar, registry or host for</u> Defaulting Defendant's Website and the Infringing Domain Name, including, without limitation, ~~any domain name registrars and domain name registries, such as~~ Hosting Concepts B.V. d/b/a Registrar.eu, <u>Hostinger CDN</u> and/<u>or</u> NameCheap, Inc., shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Name to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Name to Plaintiff.

Dkt. No. 43 at 6.

The undersigned finds that these revisions alleviate the concerns set out in the FCR and recommends that the Court incorporate the revised language into its judgment to provide for the transfer of the subject domain name.

And, so, having already granted the motion for default judgment, the Court should now award permanent injunctive relief as to the marks at issue and by ordering that the infringing domain name be transferred to Shine.

## Recommendation

The Court should enter a default judgment consistent with the prior findings, conclusions, and recommendation accepted by the Court, *see* Dkt. Nos. 37 & 39, as supplemented above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 10, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 6 -